**Zatollah YOUSEFI–TALOURI, aka Zatollah Yousefi Talouki, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 04–71055.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2007.

Filed Nov. 26, 2007.

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Reza G. Athari, Esq., Immigration Law Offices of Reza G. Athari, Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., William C. Minick, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, HALL and BYBEE, Circuit Judges.

### MEMORANDUM **

◼ Zatollah Yousefi–Talouri challenges the BIA's affirmance of an IJ's order denying him withholding of removal and relief under the Convention Against Torture. We deny the petition. First, substantial evidence supported the IJ's adverse credibility finding. Among other things, Petitioner stated in his asylum application that when he first came to the United States he intended only to stay for a month, which contradicts his contention that he fled Sweden because pro-Iranian elements there threatened him. The inconsistency goes to the heart of Petitioner's claim, and therefore we will not disturb the adverse credibility finding. *Wang v. INS*, 352 F.3d 1250, 1257 (9th Cir.2003).

◼ Moreover, Petitioner fails to demonstrate a likelihood of persecution should he be removed to Iran. Even if believed, his account of harassing telephone calls while he was in Sweden and being questioned by Iranian authorities in Iran does

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not rise to the level of past persecution. Thus, no presumption of future persecution arises under 8 C.F.R. § 208.16(b)(1). Further, nothing compels the conclusion that future persecution is more likely than not. He was allowed to leave Iran on multiple occasions, and none of the authorities who allegedly called him in Sweden ever showed up in person in the 20 months he lived there in the mid–90s. Petitioner therefore has failed to demonstrate entitlement to withholding of removal. *Chand v. INS,* 222 F.3d 1066, 1079 (9th Cir.2000).

For similar reasons, the CAT claim fails because nothing in Petitioner's account even remotely indicates a likelihood that he would be tortured if removed. *Muradin v. Gonzales,* 494 F.3d 1208, 1210–11 (9th Cir.2007).

**PETITION DENIED.**